**DICK POE MOTORS, INC. and Chrysler Motors Corporation, Appellants,**

v.

**Lynn A. DICKEY and Clara Lynn Dickey, Appellees.**

No. 08–89–00412–CV.

Court of Appeals of Texas, El Paso.

Nov. 14, 1990.

On Rehearing Dec. 19, 1990.

Joseph L. Hood, Jr., Scott, Hulse, Marshall, Feville, Finger & Thurmond, El Paso, for appellants.

Susan Larsen, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Lynn A. Dickey and Clara Lynn Dickey, Appellees, in a Deceptive Trade Practices Act ("DTPA") lawsuit over an automobile purchased from Appellants, Dick Poe Motors, Inc. ("Poe") and Chrysler Motors Corporation ("Chrysler"), were successful in obtaining a favorable jury verdict. Based on the verdict, the trial court entered judgment for Appellees in the amount of $94,676.00 plus post-judgment interest. Conditional award of attorney's fees was also made in the event of an appeal. We reverse and render.

In their trial petition (second amended), Appellees alleged that various representations made by Appellants at the time of the sale, as a result of the numerous mechanical and electrical defects they experienced with the car, were deceptive trade practices under § 17.46(b) of the Act. Poe and Chrysler, in separate answers, generally denied the allegations and affirmatively pled the two year statute of limitations under DTPA. The case went to the jury on seven questions, none of which made inquiry into the commencement date of limitations or date of discovery of the alleged false, misleading or deceptive acts or practices, nor did either party make a request for the inclusion of a limitation or discovery question.

Appellants' two points of error assert that its defense of limitations was proved as a matter of law. With reference to limitations, the DTPA provides as follows:

All actions ... must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred *or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered* the occurrence of the false, misleading, or deceptive act or practice. Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). [Emphasis added].

There is no dispute concerning the essential facts. On November 25, 1985, Poe sold a 1985 Chrysler manufactured New Yorker automobile to Appellees, who took delivery of the car on November 27. At the time of the sale, certain express warranties and representations, as well as the usual implied warranties, were made. Poe and Chrysler failed to disclose at the time of the sale, and in fact Appellees did not learn until after suit had been filed through pretrial discovery, that there were a number of defects in and repairs made to the car prior to delivery. As shown by the evidence, commencing on December 4, 1985 and continuing on a sometimes daily basis to February 23, 1988, the date suit was filed, Appellees returned the car to Poe some twenty-four times for the repair of various defects ranging from aggravating to serious. The extent of the problems and the period of time involved in attempting to correct them is shown by the following:

LYNN A. DICKEY
1985 Chrysler New Yorker

| DATE | MILEAGE | | PROBLEM AS PER INVOICE/ WARRANTY REPAIR ORDER | EXHIBIT |
|---|---|---|---|---|
| 5/28/85 | 0 | 1. | Repair right rear quarter panel (Damaged in transport) | 2 |
| 7/23/85 | 0 | 1. | Defective connection wire harness—trailer tow | 3 |
| | | 2. | Circuit open throttle, pos position—transducer | |
| 8/26/85 | 0 | 1. | Circuit open SW–Elec WDO, single | 4 |
| 10/11/85 | 0 | 1. | Vibration or chatter—windshield wiper blade w/refill | 5 |
| 10/17/85 | 0 | 1. | Battery dead cell—battery | 6 |

|  |  |  |  |
|---|---|---|---|
|  |  | 2. Surge—wire harness fuses |  |
|  |  | 3. Burned out motor windshield wiper |  |
| 10/22/85 | 0 | 1. Vibration or chatter windshield wiper blade w/refill | 7 |
| 10/24/85 | 0 | 1. Grounded or shorted relay fan motor; replaced fuses and coolant temperature sensor | 8 |
| 11/8/85 | 0 | 1. Inspection & Road Test | 9 |
| 11/26/85 | 0 | 1. Internal defect—spark central computer | 10 |
| 11/27/85 | 1 | 1. Broken or cracked wiring | 11 |
|  |  | 2. Surge wire harness—trailer tow |  |
| 11/27/85 | 49 | PURCHASE DATE | 12 |
| 12/4/85 | 377 | 1. Stalls out while driving | 13 |
|  |  | 2. A/C blows through defrost vents |  |
|  |  | 3. Switch on driver's door fell off |  |
|  |  | 4. Static on radio |  |
|  |  | 5. Replace stereo speaker |  |
|  |  | 6. Repair wiring |  |
|  |  | 7. Repair defective connection—wire harness—trailer tow |  |
| 12/13/85 | 789 | 1. A/C blows hot air | 14 |
|  |  | 2. Overhead compass stuck on North |  |
|  |  | 3. Replace burned fuses |  |
|  |  | 4. Replace improperly installed cable seat belt tension release |  |
| 12/19/85 | 1031 | 1. Static on radio at all times: no FM at times; no AM at times | 15 |
|  |  | 2. Correct corroded wiring contacts |  |
| 12/24/85 |  | 1. Brake goes to floor | 16 |
| 1/6/86 | 2255 | 1. Master Cylinder needed replacing | 17 |
|  |  | 2. Compass stuck on north |  |
|  |  | 3. Brakes squeaking |  |
| 1/7/86 | 2297 | 1. Brakes hard to stop & make noise | 18 |
|  |  | 2. Reverse lights don't work |  |
|  |  | 3. Leaks—power break check valve |  |
|  |  | 4. Cold stall (wire harness—trailer tow) |  |
| 1/16/86 | 2566 | 1. Compass not working correctly | 19 |
|  |  | 2. Seat belt sensor, left front does not work |  |
|  |  | 3. Brakes making a hissing sound |  |
|  |  | 4. Insulation of back seat & inside trunk torn |  |
|  |  | 5. Bleed brake system |  |
|  |  | 6. Replace booster—power brake unit |  |
| 2/7/86 | 3377 | 1. Idles too high and won't come down | 20 |
|  |  | 2. Motor in left front window needed replacing |  |
|  |  | 3. Brake pedal goes to the floor |  |
|  |  | 4. Left front seat belt will not come out all the time |  |
| 5/12/86 | 6724 | 1. Oil Leak | 21 |
|  |  | 2. A/C blows hot air |  |
|  |  | 3. Engine hard to start |  |
|  |  | 4. Front seat belt does not retract |  |
|  |  | 5. Replace burned out coolant temp system |  |
|  |  | 6. Crankshaft rr bearing oil seal |  |
| 7/2/86 | 8497 | 1. Hard to start | 22 |
|  |  | 2. Brake rotors have grooves in them |  |
|  |  | 3. Foot brake does not hold |  |

| | | | |
|---|---|---|---|
| | | 4. Left front fender—bolt missing | |
| | | 5. Replace brake shoe and lining rear; replace disk brake pads front right; bleed brake system | |
| 8/18/86 | 9896 | 1. Oil Leak | 23 |
| | | 2. Over Flow tank on radiator goes empty | |
| | | 3. Oil Pressure light comes on | |
| | | 4. Interior right front door light does not work | |
| | | 5. Brakes grinding | |
| | | 6. Left front window does not work | |
| | | 7. Left rear window does not work | |
| | | 8. Replace burned out switch—heater blower | |
| 9/11/86 | 10859 | 1. Brake pedal goes all the way to the floor | 24 |
| 12/8/86 | 13660 | 1. Transmission will not come out of park sometimes | 25 |
| | | 2. Car pulls to right while driving | |
| | | 3. Oil Leak | |
| 3/25/87 | 17179 | 1. Engine hard to start—hesitates and jerks upon acceleration from dead stop | 26 |
| | | 2. Replace burned out sensor oxygen 02 feedback; sensor charge temp; coolant temp sensor; | |
| 3/26/87 | 17218 | 1. Engine jerks on acceleration | 27 |
| | | 2. Replace broken or cracked fuel injector | |
| 8/3/87 | 21386 | 1. Engine hard to start—idles too high | 28 |
| | | 2. Check brakes | |
| 8/10/87 | 21609 | 1. Battery will not hold a charge | 29 |
| | | 2. Engine idles rough | |
| 10/8/87 | 23406 | 1. Inoperative right rear glass | 30 |
| | | 2. Over head lamp lens needs replacing | |
| | | 3. Check tire pressure | |
| | | 4. Ignition switch will not operate on auxiliary | |
| 10/16/87 | 23628 | 1. Right rear window inoperative | 31 |
| 11/5/87 | 24311 | 1. Engine hard to start—engine hesitates on acceleration | 33 |
| | | 2. Pulls to the left while driving | |
| 12/2/87 | 25472 | 1. Engine hesitates on acceleration | 33 |
| | | 2. Engine will not resume idle speed | |
| | | 3. Hard to start | |
| 12/31/87 | 26576 | 1. Car towed to Dick Poe | 34 |
| | | 2. Possible fuel leak | |
| | | 3. Excessive turbo whine | |
| | | 4. Accelerator will not slow down | |
| 1/7/88 | 26866 | 1. Noisy bearing; replace turbo charger assy | 35 |
| 1/18/88 | | 1. Seat belt | 35f |
| | | 2. Door locks | |
| | | 3. Engine idles high | |
| 3/24/88 | 28702 | 1. Engine & Transmission oil leak; | 36 |
| | | 2. Door locks need lube; | |
| | | 3. Chrome on rear deck lid shrinking | |
| 3/28/88 | 28703 | 1. Driver's door will not unlock with key | 37 |
| 4/14/88 | 29444 | 1. Engine dies while driving | 38 |
| 4/22/88 | 29735 | 1. Cranks but won't start | 39 |
| | | 2. Turn signal inoperable | |
| 8/11/88 | 35299 | 1. Brake linings seem to be grooving rotors; door locks stiff; seat belt retraction off; loose chrome; battery case seems to leak | 40 |

| 8/24/88 | 36037 | 1. | Chrome on lower deck lid bent; hub cap missing on left rear; seat belt retraction off; | 41 |
|---|---|---|---|---|
| 9/8/88 | 36877 | 1. | Rear chrome on deck lid dented; thumping sensation while driving | 42 |
| 9/22/88 | 37596 | 1. | Hollow noise inside car while driving | 43 |
| 10/7/88 | 37914 | 1. | Left rear window inoperative | 44 |
| 10/19/88 | 38263 | 1. | Left rear window inoperative | 45 |
| 1/6/89 | 41307 | 1. | Replaced hose & bracket (fuel—recall) | 46 |
| 5/1/89 | 46480 | 1. | Engine idle very high while at complete stop. Reline front brakes; service rear brakes; repack wheel bearings | 47 |

Simply put, Appellants' position is that based on Appellees' pleadings that certain false, misleading and deceptive representations were made at the time of the transaction and that after purchasing the automobile, they discovered that it was not as represented to them by Appellants, and Appellants' affirmative defense of limitations, the burden was on Appellees first, to specifically plead the discovery rule, and second, to obtain a finding from the jury as to when Appellees discovered or in the exercise of reasonable diligence should have discovered the false representations made the basis of the lawsuit. Appellees failing in both respects, Appellants maintain that they were entitled to judgment as a matter of law. Appellees contend that the Appellants, as sellers, should have the burden of proving when discovery actually, or ought to have, occurred since discovery is properly a part of the limitations defense. Conceding that the law seems to be against them on that proposition, they argue that since Appellants failed to object to the omission of a discovery question in the charge to the jury, their complaint was waived and the necessary discovery date would be deemed found under Tex.R.Civ.P. 278.

■ Under the first alternative of the applicable statute, the "normal" rule is that all lawsuits brought under DTPA are required to be commenced within two years from the date on which the false, misleading, or deceptive acts or practices occurred. Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). Under the pleadings and evidence in the instant case, it was conclusively established that all of the deceptions and

misrepresentations complained of occurred at the time of the transaction, i.e. when Appellees bought the car, and thus, as a matter of law under the first clause of § 17.565, Appellees had two years after November 25, 1985 in which to bring their suit, unless the normal running of the statute of limitations was tolled. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988).

■ Where the consumer has not commenced his action within two years from date of the deceptive acts, the second alternative of § 17.565 allows him to bring suit within two years after the deceptive act or practice was discovered, or in the exercise of reasonable diligence, should have been discovered, by him. Since Appellees did not bring the suit within the two year period from the date of the deceptive acts, the burden was on them to plead and prove sufficient facts to avoid the consequences of the first alternative and place them within the parameters of the discovery rule as stated in the second alternative. *Woods*, 769 S.W.2d at 518; *Willis v. Maverick*, 760 S.W.2d 642, 647 (Tex.1988).

■ While the Appellees' pleading in their petition, "[a]fter purchasing the vehicle, the Plaintiffs discovered that the vehicle was not as represented by the Defendants but had numerous latent defects, ...," was sufficient in the absence of a special exception to invoke the discovery rule, Tex.R.Civ.P. 90, 91. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982), the evidence did not conclusively establish any particular date when Appellees discovered, or in the exercise of reasonable diligence, should

have discovered, that the Chrysler New Yorker was not as warranted or represented to them or that Appellants had engaged in deceptive acts and practices. From the evidence, the jury could have found, if they had been asked, that the Appellees discovered, or ought to have discovered, the deceptive acts and practices, anytime from December 4, 1985 until well after suit was actually filed.

Lynn Dickey testified extensively concerning his dissatisfaction with the New Yorker from December 1985 on because of all of the defects he found and the problems he was experiencing. Illustrative of his possible awareness and discovery of deceptive acts and practices is the following cross-examination excerpt:

Q. And in the first two or three months you had a lot of warranty repair orders, didn't you?

A. Yes, sir.

Q. By December—by December of 1985 you had it in the shop various times?

A. Many of times.

Q. And by December 1985, you already had many problems with it?

A. Yes, sir.

Q. And by that time you realized it wasn't the quality automobile that you thought you'd purchased?

A. No, sir, not with that many problems, no.

Q. In other words, you realized in November—by December—by Christmas of 1985 that it wasn't the quality vehicle that you thought?

A. No, sir, that sure is true.

Q. That's true?

A. That's true, especially when you get—when you get problems with defects in the vehicle that jeopardizes your life. The master cylinder. That is number one.

Such evidence precludes us from finding as a matter of law that Appellees discovered or ought to have discovered sometime after February 23, 1986 that Appellants engaged in false, misleading or deceptive acts and practices when they sold the car to Appellees.

Nor can the burden be shifted to Appellants to object to the failure of the trial court to submit a discovery issue to the jury, as Appellees would have us do. The discovery rule is akin to a plea of confession and avoidance in the sense that the party wishing to benefit from the rule admits in effect that ordinary limitations has run, but because of facts he has pled, he is entitled to offer evidence in avoidance of the basic limitations period; namely, that he did not in fact discover, or in the exercise of reasonable diligence ought not to have discovered, the deceptive acts or practices until a time later than the date when the deceptive acts and practices occurred. The burden of proving and securing findings favorable to the discovery rule remains on the party who seeks to benefit from that rule. *Woods,* 769 S.W.2d at 517–518.

While the failure to submit an issue is not a ground for reversal of the judgment, unless the party complaining of the judgment had tendered a substantially correctly worded issue, Tex.R.Civ.P. 278, that does not help supply the necessary finding in support of the discovery rule. Since the discovery rule finding is an independent ground of recovery and not part of a cluster of findings, it cannot be deemed to have been found by the trial court. Tex.R.Civ.P. 279. Appellees cite *Cielo Dorado Development, Inc. v. Certainteed Corporation,* 744 S.W.2d 10 (Tex.1988), in support of the proposition that failure of the defendant to object to the non-submission of a plaintiff's issue requires that the omitted issue be deemed found by the trial court in support of its judgment under Rule 279. However, as Appellees recognize, *Cielo Dorado* involved a question of whether the plaintiff gave proper notice as required under DTPA § 17.505(a). In *Cielo Dorado,* plaintiff's attorney testified without objection that the required notice had been given, thus providing some evidence of proper notice which Justice Kilgarlin, under the peculiar circumstances of that case, found sufficient to support the necessary finding to that effect. He then held that Rule 279 required that the omitted issue of proper notice under DTPA be deemed as found by

the trial court in support of the judgment. Later in the same year that *Cielo Dorado* was written, Justice Kilgarlin wrote a concurring and dissenting opinion in *Woods*, 769 S.W.2d at 519, in which he held the defendant had no duty to object to the absence of an issue (on the discovery rule) that would serve as a basis of the plaintiff's recovery, assuming that the defendant had proved its limitations defense, and for the further reason that since the discovery rule issue is not a part of a cluster of issues, a deemed finding is not permissible. We view the omitted notice issue in *Cielo Dorado* as part of a cluster of issues establishing the liability of the defendant under DTPA, whereas the omitted discovery issue in *Woods* was a single issue necessary to establish an independent ground of recovery in response to the affirmative defense of limitations. Where a party has the burden of establishing an independent ground of recovery, the burden is on that party to submit a properly worded issue or issues establishing that ground and the opposing party has no obligation to object to its omission. *Indust–Ri–Chem Laboratory, Inc. v. Par–Pak Company, Inc.*, 602 S.W.2d 282, 289 (Tex. Civ.App.—Dallas 1980, no writ).

Appellees assert that the finding by the jury that Poe and Chrysler breached the warranty with regard to the car purchased by them went not only to the New Yorker itself as sold, but also to the defective parts supplied by Chrysler and utilized by Poe in repairing the vehicle. If we understand the argument, the Appellees are contending that every time the car was repaired with a "new" defective part, the original express or implied warranty made at the time the car was sold, would relate forward to the date of repair, thus commencing anew the period of limitations. A cause of action for breach of warranty based on the installation of defective parts was not pled. Even if pled, such allegations at best would have supported a recovery for the cost of the repairs. Nor did Appellees plead the defective repairs and the continuing assurances that the New Yorker was a "quality car" as a basis for a finding that Poe and Chrysler had know-

ingly engaged in conduct solely calculated to induce them not to file suit in order to extend limitations, another exception to the limitations statute. Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). Evidence of repairs, whether or not defective, and assurances by the agency would go to the question of discovery. With respect to the only pleadings alleging breach of warranty by Poe in making repairs, the jury refused to find that Poe had failed to make the repairs in a good and workmanlike manner.

Finally, Appellees belatedly contend that Poe and Chrysler did not disclose to them until after May 1986 that the New Yorker required the use of premium gasoline and additives in order to run properly, and until after suit was filed that the car had been repaired a number of times before they purchased it and that they could not have discovered these two material representations until after May 1986, therefore, establishing as a matter of law that discovery occurred well within two years of the date suit was filed. Here again, this is merely evidence that could have been considered by the jury in establishing a date of discovery.

Points of Error Nos. One and Two are sustained.

By a cross-point of error, Appellees assert that the trial court erred by awarding in its judgment possession of the New Yorker to Poe.

Appellees sought no relief in the trial court from the award of the automobile to Poe, and, therefore, have failed to preserve properly any error in this regard. Tex.R. App.P. 52(a).

Judgment of the trial court is reversed and judgment is here rendered that Lynn A. Dickey and Clara Lynn Dickey take nothing from Dick Poe Motors, Inc. and Chrysler Motors Corporation. The remainder of the trial court judgment is affirmed.

OSBORN, Chief Justice, concurring.

I concur. There can be no question that the complaints about deceptive trade prac-

tice acts were with regard to acts which occurred at the time of the sale. In the pleading upon which the case was tried, the plaintiffs alleged in the second paragraph that they **purchased a new 1985 Chrysler New Yorker automobile on or about November 25, 1985.** In the following paragraph, they alleged "[a]t **the time of the transaction described hereinabove,** Defendants represented to Plaintiffs that the automobile was new, that it was of the best quality and would provide years of service to Plaintiffs. Such representations were false, misleading and deceptive...." They also alleged that these representations violated the Act in that they constitute representations that: "(1) the automobile had characteristics, uses or benefits which it did not have; and, (2) that the automobile was of a particular standard, quality or grade when it was of another." In paragraph IV, it was alleged "that **at the time of the purchase of the automobile** in question, Defendants were dealers and distributors of automobiles ..." and further that "Defendants impliedly warranted that the automobile would be reasonably fit for the purpose for which it was to be used." In paragraph V, they alleged "[i]n **the sale of the automobile to** Plaintiffs, Defendants engaged in an unconscionable action or course of action ... by assuring Plaintiffs that the automobile was of a high quality and value and would provide good service and transportation." Finally, in paragraph VI, it is alleged "[a]t **the time the Plaintiffs purchased the vehicle** from the Defendants, the Defendants gave a written warranty on the vehicle." [Emphases added].

Clearly, all of the allegations about deceptive acts, misrepresentations and warranties are with regard to events occurring at the time of the sale. Admittedly, the suit was not filed within two years from that date. This is a clear case for application of the discovery rule. Unfortunately, it is also a clear case of waiver of the application of that rule.

Being unable to accept the argument of Appellees that the cause of action did not accrue until May, 1986, I concur that the Plaintiffs' case is barred by limitations.

FULLER, Justice, dissenting.

I disagree with the majority holding that reverses the trial court judgment in favor of the consumer. The result is that an innocent purchaser for value has lost not only his just damages but also lost his car. I feel that the majority has unfortunately based its decision on the discovery rule when it should not have been reached. Instead the trial court judgment should be affirmed.

This is a case of continuing deception up to the moment of trial and a fact issue existed as to the date of commencement of the statute of limitations. Appellants did not overcome this burden because they did not submit and obtain a jury finding that supported the claim of limitation. Tex.R. Civ.P. 279.

## FACTS

Fifty-nine year old Lynn Dickey was a thirty year employee of the railroad. He had only a fifth grade education, was married and had three daughters. He owned his home for which he had paid $8,500.00. During his fifty-nine years, he had purchased only two new cars, a 1971 Maverick and a 1977 Jeep Cherokee. He never had filed a lawsuit or appeared in court during his entire lifetime. With his limited education, it was quite natural that he had a strong desire that his daughter, Clara Lynn Dickey, attend college. He promised that daughter that if she would attend college, he would buy her a "dependable car." This fatal promise unfortunately brought Mr. Dickey to the car dealership of Appellant Dick Poe Motors, resulting in the tragic event that followed. After driving a Chrysler New Yorker and asking the salesman if it was "American made," he was assured by Appellant Dick Poe Motors that it was entirely a quality "American made" automobile. The car was sold on November 25, 1985, but was not actually delivered to the Dickeys until November 27, 1985. The car was financed through Appellee

Lynn Dickey's credit union and payments totalled $366.00 a month.

The amount of problems that developed with this $18,000.00 automobile is almost beyond comprehension, yet as to the Appellee consumers, it was never revealed that they had, in fact, purchased a "lemon." Appellant dealer constantly maintained that the car was a quality car. The dealer never disclosed to the Dickeys that the car had been damaged in transit. Neither was the fact that six months prior to the sale of the car, while the car had accumulated only forty-nine miles on the speedometer, it had already been repaired ten times in the dealer's shop.

While it was apparent that the Dickeys were understandably "unhappy" with the car after the purchase because of various mechanical problems, the dealer was continuing to attempt to correct the problems. Problems with the car were characterized in trial as being brakes, electrical, engine and miscellaneous. The car was in the shop a total of thirty-six times from the time it arrived on the dealer's lot until the purchaser finally gave up and filed suit. When the car was sold to the Dickeys on November 25, 1985 (but delivered on November 27), no mention was made to Mr. Dickey of the frequent prior troubles with the electrical system, the cooling system or the fact that the car had suffered damage in transit. As additional new problems occurred, the dealer worked on them but never advised them that the car they purchased had more problems than most. Instead, the dealer constantly maintained up to and including the time of trial that the Chrysler car was a quality product. Yet, the general manager and vice-president of the selling dealer admitted that the car sold to the Appellees **"had more problems with it than the normal '85 Chrysler New Yorker."**

Appellant Dick Poe Motors contended up until time of trial in its cross-claim against Chrysler Motors Corporation that the manufacturer produced a "defective product" (the car).

Appellant, Chrysler Motors Corporation cross-claimed against Dick Poe Motors asserting that the car was negligently and improperly repaired by Dick Poe Motors. These allegations were brought out before the jury.

The very basis of violations of the DTPA involves false, misleading and deceptive acts. The legislative intent was that the Act was to be liberally construed and applied to protect the consumer against false, misleading and deceptive business practices, unconscionable actions and breaches of warranty. Tex.Bus. & Com.Code Ann. § 17.44 (Vernon 1987). *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977).

## DID APPELLANTS ESTABLISH AS A MATTER LAW THAT APPELLEES' SUIT WAS BARRED BY THE TWO–YEAR STATUTE OF LIMITATION?

### DISCUSSION

*NO*—I would hold that the evidence presented in this case raised a fact issue as to the date the statute of limitations started to run against the Appellees in their action for the alleged "false, misleading, or deceptive act or practice" committed by the Appellants. It was Appellants' burden to obtain a jury finding that supported its claim of limitations. Tex.R.Civ.P. 279.

Appellants failed to seek and obtain a jury finding as to the date limitations commenced to run. Such failure operated as a waiver of the defense of limitations. Tex. R.Civ.P. 94. It also relieved the trial court of any duty to determine the application of the discovery rule. Therefore, I would affirm the judgment of the trial court.

Even assuming I am incorrect in overruling the points of error based on the failure of Appellants to secure a jury finding on the defense of bar of limitations, I see no relief for the Appellants. Appellants assert that during the first two months of ownership of the vehicle, it was returned to the dealer eight times for service or repair. Appellants say this should bar the Dickeys' claim as a matter of law. Appellants cite *Willis v. Maverick,* 760 S.W.2d 642 (Tex. 1988) and *Woods v. William H. Mercer, Inc.,* 769 S.W.2d 515 (Tex.1988) for the existing authority supporting their position.

Both of these cases are cited for the proposition that the party seeking the benefit of the discovery rule must plead, prove and secure findings that the discovery rule excused the failure to file within the appropriate limitation period.

The *Willis* case was a legal malpractice case which was resolved on appeal by a finding that there was an incorrect wording of the submitted issue on discovery. The negligence alleged in that case involved the single act of an improperly drawn settlement agreement in a divorce case.

The *Woods* case was a suit against an insurance agent and an insurance carrier for failure to provide the single act of insurance coverage. The agent and carrier pled limitations but the party seeking the benefit of the discovery rule failed to plead it or obtain findings on the issue of discovery.

**Neither of the above cases involve a continuing course of conduct involving continued misrepresentation and deception** and therefore should be distinguished from the instant case. In the alternative, however, I would find that the evidence in this case would also support a finding by the trial court as a matter of law that Appellees filed suit within "two years after the date on which the false, misleading, or deceptive act or practice occurred...." Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987).

#### CONCLUSION

The judgment of the trial court should be affirmed.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

#### OPINION ON MOTION FOR REHEARING

KOEHLER, Justice.

We have considered Appellees' various points of error and "supplemental cross-point" set out in their Motion for Rehearing and find no merit in any of them, including Point Number Seven in which they complain of the Court's affirmance of the trial court award of the Chrysler New Yorker to Poe. However, since Appellants have now joined in Appellees' request that possession of the automobile be restored to Appellees, although for different reasons, our original opinion and judgment are modified to the extent that the judgment of the trial court is now reversed in its entirety. Judgment is rendered that Lynn A. Dickey and Clara Lynn Dickey take nothing from Dick Poe Motor, Inc. and Chrysler Corporation, and possession of the Chrysler New Yorker is restored to Appellees.