MARY'S OPINION HEADING 









                                                NO.
12-06-00398-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

MARGARITA RODRIGUEZ AND §                      APPEAL
FROM THE 

FERNANDO
RODRIGUEZ d/b/a

AMERICA
BAIL BONDS,

APPELLANTS

 

V.        §                      COUNTY
COURT AT LAW #2

 

 

USS
OF TEXAS, INC.,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                   
                                        

MEMORANDUM
OPINION

            This is a restricted appeal from a postanswer default
judgment entered against Appellants Margarita Rodriguez and Fernando Rodriguez
d/b/a America Bail Bonds in a contract case. 
In two issues, each appellant contends that the evidence is legally and
factually insufficient to support the judgment. 
In a third issue, each appellant claims the judgment is erroneous
because it does not conform to the pleadings and the evidence.  We affirm the judgment against Fernando
Rodriguez d/b/a America Bail Bonds, reverse the judgment against Margarita
Rodriguez, and render judgment that USS of Texas, Inc., Appellee, take nothing
by its suit against Margarita Rodriguez.

 

Background








            In August 2001, USS of Texas, Inc. and Fernando Rodriguez
executed a bail bond underwriting agreement authorizing Fernando to write bail
bonds on behalf of an insurance company in the state of Texas.  Under the terms of the contract, Fernando
Rodriguez agreed to “solicit, collect, protect, insure, return, and deliver to
USS collateral from criminal defendants in the event that a criminal defendant
fails to appear in court.”  “Agent”
(Fernando Rodriguez) also agreed to be “solely responsible for the satisfaction
of bond forfeitures . . . and responsible for the payment of any or all
judgments entered on bonds supplied by USS.” 
He further agreed to indemnify USS for all costs associated with a bond
forfeiture and judgment.  The agreement
was signed by Ken Good as president of USS and Fernando Rodriguez as “Agent.”  The penultimate page of the document
contained a line for the signature of “Agent’s Spouse.”  This line was also signed by Fernando
Rodriguez.

            In August 2005, USS filed suit against Fernando and
Margarita Rodriguez for breach of the bail bond underwriting agreement and for
attorney’s fees.  USS alleged in its
petition that it had lost in excess of $300,000.00 in payment of bond
forfeitures on bonds written by Fernando Rodriguez. Fernando and Margarita
Rodriguez filed an answer to the suit; however, neither appeared on May 8,
2006, the scheduled trial date.  

            At trial, the only witness was Ken Good, who testified,
as follows:

 

MR. GOOD:          Your
Honor, my name is Ken Good.  I am the
President and sole shareholder of U.S.S. of Texas, Inc.  I entered into a contract with Fernando
Rodriguez and his wife for the – to act as an intermediator between an
insurance company and him for the sell [sic] of insurance to back bail
bonds.  In that contract he agreed to
indemnify me for any losses resulting from bonds that he wrote.  As a result of this contract and his breach
of that contract, I have suffered losses in the amount of a total of
$343,113.90 of which $316,870.91 is for payment of bond forfeitures.  $1467.75 is for premiums that have not been
paid.  I have also incurred expenses in
the amount of $10,000 in doing the run off of this liability which is ongoing.

 

 

Mr. Good further testified that
USS had incurred $7,500 in reasonable and necessary attorney’s fees calculated
at a rate of $150 an hour.  USS also
offered in evidence the bail bond underwriting agreement, copies of the checks
USS had paid for bond forfeitures on bonds written by Fernando Rodriguez, and
copies of unpaid invoices showing premiums owed by Fernando Rodriguez.  The court granted a postanswer default
judgment against Fernando and Margarita Rodriguez.

            On September 5, 2006, Margarita Rodriguez filed her
motion for new trial.  The trial court
denied the motion on October 18, 2006. 
On October 31, 2006, Margarita Rodriguez filed her notice of
appeal.  This court dismissed her appeal
for want of jurisdiction.  Both Fernando
and Margarita filed a notice of restricted appeal.

            

Sufficiency of the Evidence

            In their first two issues, Margarita and Fernando
challenge the legal and factual sufficiency of the evidence to support the
judgment.

Standard of Review

            If a party is attacking the legal sufficiency of an
adverse finding on an issue on which it did not have the burden of proof, it
must demonstrate on appeal that there is no evidence to support the adverse
finding.  See Croucher v. Croucher,
660 S.W.2d 55, 58 (Tex. 1983).  In
reviewing no evidence issues, the reviewing court views the evidence in the
light most favorable to the verdict, indulging every reasonable inference that
would support it.  City of Keller
v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  The reviewing court must credit evidence that
supports the verdict if a reasonable fact finder could and disregard contrary
evidence unless a reasonable fact finder could not.  Id. at 827.  The question to be determined is whether the
evidence at trial would enable reasonable and fair minded people to find the
facts at issue.  Id.  The fact finder is the sole judge of the
credibility of the witnesses and the weight to give their testimony.  See id. at 819.  A no evidence issue will be sustained only
when (1) there is a complete absence of evidence of a vital fact, (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact, (3) the evidence offered to prove a
vital fact is no more than a scintilla, or (4) the evidence conclusively
establishes the opposite of the vital fact. 
City of Keller, 168 S.W.3d at 810.

            If a party is attacking the factual sufficiency of an
adverse finding on an issue on which the other party had the burden of proof,
the attacking party must demonstrate that there is insufficient evidence to
support the adverse finding.  See Croucher,
660 S.W.2d at 58.  In addressing a
factual sufficiency of the evidence challenge, the reviewing court must
consider and weigh all of the evidence and set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  The
reviewing court is not a fact finder, and therefore may not pass on the
credibility of the witnesses or substitute its judgment for that of the trier
of fact, even if a different answer could be reached on the evidence.  Clancy v. Zale Corp., 705
S.W.2d 820, 826 (Tex. App.–Dallas 1986, writ ref’d n.r.e.).  Findings of fact are the exclusive province
of the fact finder.  Bellefonte
Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 744 (Tex. 1986).  Accordingly, if there is sufficient competent
evidence of probative force to support the finding, it must be sustained.  Beall v. Ditmore, 867 S.W.2d
791, 795-96 (Tex. App.–El Paso 1993, writ denied).  Where there is conflicting evidence, the fact
finder’s decision on such matters is generally regarded as conclusive.  Id. at 796.

Applicable Law

            In a case where the defendant answered but failed to
appear for trial, a trial court may not render judgment on the pleadings, and
the plaintiff is required to offer evidence and prove all aspects of his
case.  Bradley Motors, Inc. v.
Mackey, 878 S.W.2d 140, 141 (Tex. 1994); Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979).  Under
these circumstances, the defendant’s failure to appear at trial is neither an
abandonment of its answer nor an implied confession of any issues.  Frymire Eng’g Co. v. Grantham,
524 S.W.2d 680, 681 (Tex. 1975).

Discussion

            The evidence shows that Fernando Rodriguez,  “Agent,” entered into a contract with USS as
managing general agent in which he agreed to indemnify USS for forfeitures on
bail bonds that he wrote and to remit to USS a certain percentage of the bond
premium.  USS checks introduced in
evidence demonstrate that USS paid $316,870.91 in forfeitures on forty-one
bonds written by Fernando Rodriguez. 
Although there was no direct testimony that Fernando Rodriguez had not
reimbursed USS for the bond forfeitures paid by USS, a reasonable fact finder
could infer from the testimony that USS suffered losses in that amount that USS
had not been indemnified by Fernando Rodriguez for the forfeitures as required
by the agreement.  The testimony of Ken
Good also reflects that USS had incurred $10,000.00 in expenses related to the
forfeitures, and that Fernando Rodriguez had failed to remit to USS premiums
due in the amount of $1,467.75.   The
evidence is both legally and factually sufficient to support the judgment
against Fernando Rodriguez.  We overrule
Fernando’s first and second issues.

            Although there is a page affixed to the contract with a
signature line for “Agent’s Spouse,” the contract does not purport to be an
agreement between USS and the agent’s spouse. 
The agent’s spouse is nowhere mentioned in the body of the contract.  The signature line for “Agent’s Spouse” is
signed by Fernando Rodriguez.  There is
no showing that Fernando Rodriguez signed for his spouse in a representative
capacity.  No evidence was adduced at
trial that Margarita Rodriguez was the spouse of Fernando Rodriguez, and there
was, of course, no testimony or other evidence that Margarita Rodriguez
breached the contract.

            USS contends that since Margarita Rodriguez did not file
a verified denial alleging that she was sued in the wrong capacity, she cannot
complain of the judgment entered against her. 
See Tex. R. Civ. P.
93(2).   However, Rule 93(2) does
not require a party who is sued for breach of contract to file a verified
pleading that she is not a party to the contract.  Miles v. Plumbing Servs. of Houston,
Inc., 668 S.W.2d 509, 512-13 (Tex. App.–Houston [14th Dist.] 1984, writ
ref’d n.r.e.).  The burden remains on the
plaintiff to prove that the defendant has obligated herself under the
contract.  There is no more than a
scintilla of proof that Margarita Rodriguez was a party to the contract.  The evidence is legally insufficient to
support the judgment against Margarita Rodriguez.  We sustain Margarita’s first issue.  Because we have sustained Margarita’s first
issue, we need not address her second issue challenging factual
sufficiency.  See Tex. R. App. P. 47.1.

 

The Judgment

            In his third issue, Fernando Rodriguez maintains that the
trial court’s judgment does not conform to the pleadings and the nature of the
case proved as required by Texas Rule of Civil Procedure 301.  Fernando’s apparent complaint is that
although USS was party to the contract and the plaintiff in the action for its
breach, Ken Good testified that “I entered into a contract with Fernando
Rodriguez,” “he agreed to indemnify me,” “I have suffered losses,” “I have
incurred expenses,” and I have incurred attorney’s fees.”  Ken Good was not a party to the contract nor
the plaintiff in the lawsuit.  He
testified, however, that he was the president and sole shareholder of USS, and it
is reasonable to infer that he was testifying in that capacity.  Fernando’s third  issue is without merit and is overruled.

 

Disposition

            The judgment against Fernando Rodriguez is affirmed.  The judgment against Margarita Rodriguez is reversed
and judgment rendered that USS take nothing by its suit
against Margarita Rodriguez.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

 

Opinion
delivered October 11, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)