**Kellie Rae BEALL, Appellant,**

v.

**Keith T. DITMORE, Appellee.**

No. 08–92–00312–CV.

Court of Appeals of Texas, El Paso.

Oct. 13, 1993.

Rehearing Overruled Dec. 1, 1993.

Keith C. Gorman, Rosemary Morales Marin, Dudley, Dudley & Windle, El Paso, for appellant.

Evelina Ortega, Robert J. Perez, Caballero, Panetta & Ortega, El Paso, for appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from the trial court's judgment on the verdict entered against Kellie Rae Beall, Appellant, for $113,200 following the jury trial of an automobile accident case. In a single point of error, Appellant attacks the trial court's refusal to grant her motion for mistrial, motion for new trial, and motion to modify the judgment on the grounds that it was harmful error for the court to overrule a timely objection to the interjection of insurance into the trial of the case. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

In January 1989, Keith Ditmore, Appellee, was involved in an automobile accident when the vehicle he was driving collided with a vehicle driven by Kellie Rae Beall, Appellant, on Doniphan Drive in El Paso, Texas. Ditmore filed suit against Beall for his damages allegedly caused by her negligence. During the ensuing jury trial, Appellee was being cross-examined by Appellant's attorney when the following exchange occurred:

Q: You've also alleged in your petition that you think this accident has injured you to the amount of $500,-000.00. Can you tell me how you come up with that figure?

A: We didn't know exactly what to go for at the time and that's what your policy stated, so we had just written that down. [Emphasis added].

Q: Where do you get your prescriptions filled?

A: Sometimes I'll do them here in El Paso if I'm visiting Mother, or Wal-Mart in Ruidoso.

Immediately thereafter, Appellant's counsel approached the bench and moved for mistrial based on Appellee's reference to the existence of insurance. The trial court overruled Appellant's motion for mistrial. The jury found that Appellant was 100 percent negligent in causing the accident, awarding Appellee $113,200 for damages proximately caused by her negligence. Appellant asserts error in the trial court's overruling of her objection to the interjection of insurance into the trial of the case.

## II. DISCUSSION

Texas courts have adopted the general rule that an objection to improper testimony must be "timely" made, the specific grounds therefor stated, and the trial court's ruling obtained. Tex.R.App.P. 52(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (objection waived when prematurely made); *Top Value Enterprises, Inc. v. Carlson Mktg. Group, Inc.,* 703 S.W.2d 806, 811 (Tex.App.—El Paso 1986, writ ref'd n.r.e.) (objection waived when not made until subsequent recess, further waived by counsel's cross-examination and still further waived when objecting party permitted similar evidence to be introduced without objection); *see also* Tex.R.Civ.Evid. 103(a). There are several sound reasons for

this rule. First, fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond or cure them. Second, reversing a case for error not raised in a timely fashion permits the losing party to second guess its tactical decisions after they do not produce the desired result. Finally, judicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal. *See Jones v. Martin K. Eby Const. Co., Inc.,* 841 S.W.2d 426, 428 (Tex. App.—Dallas 1992, writ denied); *see also Young v. State,* 826 S.W.2d 141, 149 (Tex. Crim.App.1991) (Campbell, J., dissenting).

■ The above rule is qualified in that to be "timely," an objection must be made prior to the witness responding to the question where it is reasonably obvious that the question calls for inadmissible evidence. *See Juhasz v. State,* 827 S.W.2d 397, 401 (Tex. App.—Corpus Christi 1992, pet. ref'd) (objection waived when defendant admits testimony which is substantially the same as that to which he objected or allows it to come in from another source without objection); *Atlantic Richfield Co. v. Misty Prod., Inc.,* 820 S.W.2d 414, 421 (Tex.App.—Houston [14th Dist.] 1991, writ denied) (objection waived when not made until witness repeated objectionable statement three times); *Morelos v. State,* 772 S.W.2d 497, 507 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (objection not timely when made after prosecutor's second question regarding same subject matter); and *Hernandez v. State,* 808 S.W.2d 536, 544 (Tex.App.—Waco 1991, no pet.) (objection waived when not made before answer

is given where it is in response to question regarding inadmissible extraneous offenses). However, this well-established standard for preservation of error for appellate review holds true if and only if Appellant in the instant case intended to object to her own question. That is to say, this standard applies only if Appellant undoubtedly knew of the insurance policy limits, and thus her question to Appellee invited the answer she received.[1]

■ In the matter before us, Appellant's question propounded to the witness does not disclose, or in any manner suggest the character of the answer that was given. To the contrary, it effectively opened the door for the well-prepared witness to enter into an oral dissertation regarding each and every conceivable element of compensable damages, and then some. Therefore, it was not incumbent upon Appellant to make any objection until after the nonresponsive answer regarding "policy" limits was made. Under such circumstances as are shown in the instant case, it was incumbent upon Appellant, through counsel, to object as soon as was practicable, after the answer was given, and to go further and move that the objectional testimony be stricken. *Johnson v. Hodges,* 121 S.W.2d 371 (Tex.Civ.App.—Fort Worth 1938, writ dism'd).[2]

Noting that Appellant was obligated to object **after** the unexpected answer regarding "policy" limits was made, the threshold question thus presented in the instant case is whether a "timely" objection, as envisioned by Tex.R.App.P. 52(a), must be an "immediate" objection.[3]

---

1. While the concurring and dissenting opinion, citing *Smith v. State,* 763 S.W.2d 836, 841 (Tex. App.—Dallas 1988, pet ref'd), correctly notes that in order to make a timely objection, "the objecting attorney must make his or her objection immediately after he or she recognized or should have reasonably recognized that an improper question was asked or an improper answer was given," no procedural or evidentiary rule requires an attorney to object to his or her own question in order to prevent an otherwise inadmissible response. To the contrary, an objection by an adverse party, as in the instant case, based on nonresponsiveness is not considered untimely if made after the question has been asked and answered. *Id.*

2. A motion to strike must likewise be specific. A motion to strike the testimony of a particular witness without specifying which portion of its testimony is objectionable is too general to preserve error. *Top Value Enterprises, Inc. v. Carlson Mktg. Group, Inc.,* 703 S.W.2d 806, 811 (Tex. App.—El Paso 1986, writ ref'd n.r.e.); *City of Kennedale v. City of Arlington,* 532 S.W.2d 668, 678 (Tex.Civ.App.—Fort Worth 1976, writ dism'd).

3. Tex.R.App.P. 52(a) provides as follows:

   (a) General Rule. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific

■ Examination of Texas case law reveals numerous interpretations of "timeliness" of objections, the vast majority of which are written in the context of waiver. The opinions of this Court, both civil and criminal, have been in concert with other Texas courts of appeals. *See e.g. Oechsner v. Ameritrust, N.A.,* 840 S.W.2d 131, 135, 138 (Tex.App.—El Paso 1992, writ denied) (objection to jury charge waived due to variant complaint on appeal); *Ortiz v. State,* 825 S.W.2d 537, 541 (Tex.App.—El Paso 1992, no pet.) (objection untimely and thus waived when evidence offered and admitted without objection); *Hernandez v. State,* 825 S.W.2d 765, 770 (Tex.App.—El Paso 1992, no pet.) (objection untimely and thus waived when evidence offered and admitted without objection); and *Dick Poe Motors, Inc. v. Dickey,* 802 S.W.2d 739, 746 (Tex.App.—El Paso 1990, writ denied) (error waived for failure to seek relief in the trial court). While neither this Court nor any other Texas court has precisely defined the word "timely" in the Rule 52(a) context, it is clear from a simple reading of Texas law, that objections, in order to be considered timely, must be specific enough to enable the trial court to understand the precise nature of the error alleged and interposed at such a point in the proceedings so as to enable the trial court the opportunity to cure the error alleged, if any. "Timeliness" defies definition and generally the question of what is timely or otherwise must be left to the sound discretion of the trial judge, but such objection need not be immediate.

■ We find that Appellant, in asking one simple unrelated question and permitting its answer to pass prior to approaching the bench to interpose an objection to a clearly objectionable and inappropriate response, done in an effort so as not to draw the jury's attention to the word "policy," acted responsibly as it was possible her objection and motion for mistrial would be overruled. Appellate courts need not be wholly insensitive to the conflicting needs of the attorney who, in the midst of a complex jury trial, is charged with both the preservation of error and the presentation of the best case possible. We further find that the objection was indeed timely and that the trial court erred in not sustaining Appellant's objection to Appellee's testimonial reference to the existence of a "policy."

■ The trial court's error will only require a reversal if it amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *St. Louis Southwestern Ry. Co. v. Gregory,* 387 S.W.2d 27, 33 (Tex.1965); *Pride Transp. Co., Inc. v. Hughes,* 591 S.W.2d 631, 634 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.); Tex. R.App.P. 81(b). The mere mention of insurance during trial before a jury, though erroneous, does not result in an automatic mistrial or reversal. *Gregory,* 387 S.W.2d at 33; *Pride,* 591 S.W.2d at 634; Tex.R.Civ.Evid. 411.

To demonstrate the harmful effect of Appellee's reference to insurance, Appellant argues that the findings on negligence and damages by the jury were not supported by factually sufficient evidence and in the case of damages, were excessive. Although factual sufficiency of the evidence to support the damages awarded by the jury was not raised as a separate point of error, we will treat it as such.

■ When a factual sufficiency challenge is brought, this Court is required to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *Oechsner,* 840 S.W.2d at 131, 136; *Chandler v. Chandler,* 842 S.W.2d 829, 832–33 (Tex.App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative

grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refused to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to ruling or orders of the trial court. [Emphasis added].

force to support the finding, it must be sustained. *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833. It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833.

■ The evidence indicated that Appellant in her Jeep abruptly changed lanes pulling in front of Appellee's automobile at a forty-five degree angle just as he was coming to a stop for a red traffic signal. There was testimony indicating that the collision was Appellant's fault, that she pleaded guilty to the offense of changing lanes unsafely, and that Appellee could have done nothing to avoid the accident. This amounted to sufficient evidence to support the jury's finding that Appellant alone was negligent.

■ With reference to the damage finding, although Appellee pleaded for damages in the amount of $500,000 (Appellant's insurance policy limits), the jury found that Appellee's damages amounted to $113,200, a substantial sum to be sure but far less than the policy limits. Apart from evidence of actual damages, there is ample evidence in the record provided by Appellee's testimony, the testimony of two doctors and other witnesses, and medical records to support a finding of substantial damages for physical pain and mental anguish and for physical impairment. We do not find the damages awarded by the jury to be excessive in light of the evidence or suggestive that the erroneous mention of Appellant's insurance policy was calculated to cause and probably did cause the rendition of an improper judgment.

■ We conclude that Appellant's objection to Appellee's testimony concerning her policy limits, while not immediate, was timely; however, we further conclude that Appellant has nonetheless failed to show that the trial court's errors in overruling her objec-

tion and in refusing to grant her motions for mistrial, or for new trial, or in the alternative to modify the judgment, were calculated to cause and probably did cause the rendition of improper judgment. Accordingly, Appellant's sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.

KOEHLER, J., concurs and dissents.

KOEHLER, Justice, concurring and dissenting.

I concur in the majority's overall conclusion overruling Appellant's sole point of error but respectfully dissent from that part of the opinion which found that the tardy objection by Appellant's attorney to improper testimony was timely.

First, I disagree with the majority conclusion that Appellant's question directed at Appellee did not disclose or in any manner suggest the character of the answer that might be given. Appellant knew that her response to Appellee's interrogatory inquiring as to her policy limit was $500,000 and that Appellee thereafter amended his petition to claim that amount in damages. Yet Appellant's counsel asked the question that invited an obvious answer. Although I would certainly agree that Appellee should have been instructed by his counsel that any such answer would be highly improper and would invite a likely immediate mistrial, to obtain the mistrial necessitates an immediate proper objection and motion.

Second and more important, I disagree that Appellant's objection was timely. In Texas, the general rule is that an objection to improper testimony must be timely made, the specific grounds therefor stated, and the trial court's ruling obtained. Tex.R.App.P. 52(a); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991); *Top Value Enterprises, Inc. v. Carlson Mktg. Group, Inc.*, 703 S.W.2d 806, 811 (Tex.App.—El Paso 1986, writ ref'd n.r.e.). Failure to assert a timely objection results in a waiver of that alleged error on appeal. *Id.* To be timely, the objection must be made before the answer is given where it is reasonably obvious that the ques-

tion calls for inadmissible evidence; *Juhasz v. State,* 827 S.W.2d 397, 401 (Tex.App.—Corpus Christi 1992, pet. ref'd); *Atlantic Richfield Co. v. Misty Prod., Inc.,* 820 S.W.2d 414, 421 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Morelos v. State,* 772 S.W.2d 497, 507 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd); or at the earliest possible moment. *Hernandez v. State,* 808 S.W.2d 536, 544 (Tex.App.—Waco 1944, no pet.).

Appellant's counsel was conducting cross-examination when the reference to a "policy" occurred. Since counsel undoubtedly knew of the insurance policy limits, her question to Appellee invited the answer she got. Instead of immediately objecting, counsel proceeded to ask a question on a topic unrelated to the previous question. Although the delay was short and may have resulted from a strategic decision by counsel (to avoid drawing the jury's attention to the issue in case her objection was overruled), the objection still was not made at the earliest possible opportunity and the practical effect is that the objection was not timely. Therefore, Beall did not properly preserve the issue for appeal. *Bushell,* 803 S.W.2d at 712; *Top Value Enterprises Inc.,* 703 S.W.2d at 811.

Although "timeliness" may be difficult to define in some situations, the only practical rule to follow in the case of evidentiary objections during a trial is that an objection, in order to be timely, must be made at the earliest opportunity. The earliest opportunity in the case of a question that clearly calls for an inadmissible or otherwise objectionable answer is immediately following the asking of the improper question, not after the answer is given. *Rodriguez v. State,* 577 S.W.2d 491, 493 (Tex.Crim.App.1979). In the case of any other question, the earliest opportunity is immediately following the nonresponsive or otherwise objectionable answer.[1] The answer given by Appellee in this case was not only an improper allusion to insurance, it was also nonresponsive. When a nonresponsive answer is given, it has been held that the availability of an objection is an exception to the general rule that an objec-

tion is not timely unless made before a question is answered. *Smith v. State,* 763 S.W.2d 836, 841 (Tex.App.—Dallas 1988, pet. ref'd). In other words, to make a timely objection, the objecting attorney must make his or her objection immediately after he or she recognized or should have reasonably recognized that an improper question was asked or an improper answer was given. Failure to do so results in waiver. To hold otherwise would put the objecting attorney and the trial judge in the position of never knowing whether an objection is timely though made after one, two, three, or what have you, additional questions are asked.

In a recent case, the First Court of Appeals held in a criminal case that the objection was not timely and the error was not preserved for review when defense counsel failed to object immediately to an objectionable answer (in that case, an answer alluding to extraneous offenses). *Griffin v. State,* 850 S.W.2d 246, 249 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). This Court has also recently held that in order to be timely, an objection must be lodged as soon as the objectionable nature of the testimony becomes apparent. *Murillo v. State,* 839 S.W.2d 485, 493 (Tex.App.—El Paso 1992, no pet.), *citing Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991); *Beckley v. State,* 827 S.W.2d 74, 77 (Tex.App.—Fort Worth 1992, no pet.); *Wade v. State,* 814 S.W.2d 763, 767 (Tex.App.—Waco 1991, no pet.).

It would be my conclusion that Appellant's objection to Appellee's testimony concerning her policy limits was not timely, but even if it was, Appellant has failed to show that the court's errors in overruling her objection and in refusing to grant her motions for mistrial or for new trial, or in the alternative to modify the judgment, were calculated to cause and probably did cause the rendition of improper judgment.

---

1. It would make little logical sense if under the rule (Tex.R.App.P. 52(a)), an objection to an improper question in order to be timely must be made before the answer is given but an objection to a nonresponsive or improper answer is timely even though made after another question is asked and answered.