NUMBER 13-99-763-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


WAL-MART STORES, INC.
, Appellant,


v.



ANTONIA ALMEIDA
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 2 


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 Antonia Almeida was shopping in a Wal-Mart store when she
slipped in a reddish liquid and fell, suffering personal injuries. A jury
found Wal Mart 75% negligent and Almeida 25% negligent, and
awarded Almeida $46,777.00 for past and future physical pain and
mental anguish, physical impairment, and medical care. Wal-Mart
appeals this judgment by two issues. We affirm the judgment of the
trial court.

Failure to Supplement


 In its first issue, Wal-Mart argues that the trial court erroneously
allowed Almeida's chiropractor, Dr. Nancy Zimmerman, to testify about
the results of an examination that she performed on Almeida the
morning of trial. Wal-Mart contends that Almeida did not timely
supplement her discovery responses with Zimmerman's new opinions
or show good cause for its failure to supplement, and because
Zimmerman's opinions changed materially and constituted surprise,
Zimmerman's testimony about Almeida's examination should have
been excluded. In response, Almeida argues that Wal-Mart failed to
preserve this issue for review, or alternatively, that any error which may
have occurred was harmless because Zimmerman's testimony was
cumulative.

 The relevant testimony regarding Zimmerman's examination of
Almeida on the day of trial began during direct examination by
Almeida's counsel, as follows:

 Q: . . . Have you had occasion after she was last
treated back in June of 1995 to see Ms. Almeida?

 

 A: Yes, I did.


 Q: Okay. And when was that?


 A: I saw her this morning.


 Q: And why did you see her this morning?


 A: Before I came to testify I wanted to have a recent
opinion and [an] x-ray of her spine.


 Q: Why is that important to get something more recent?


 A: I wanted to see if there had been a change in her
condition.


 Q: And what conditions specifically were you looking at?


 A: The muscle spasm that she had along the cervical
spine as well as in the x-rays. I wanted to see if there
had been an acceleration of the arthritis in her neck.


 Q: Okay. Back in 1995 when you first saw her did you
see some arthritic condition in the neck?


 A: Yes, I did.


 Q: Okay. And describe the extent of that arthritic
condition of the neck back in 1995.


 A: She did have some --


 Counsel: Your Honor. I'm going to object to this line of
questioning. May we approach?


A bench conference was held off-the-record. After the recess,
Almeida's counsel resumed questioning Dr. Zimmerman about
Almeida's condition in 1995 immediately following the incident in
question, and the results of her examination on the day of trial. 
Zimmerman testified that Almeida continued to have spasms on the left
side of the cervical spine and along the left trapezius muscle, limited
motion, pain with flexion, and hypersensitivity to the left arm. Although
Zimmerman had initially diagnosed Almeida with a cervical sprain or
strain, on the day of trial, Zimmerman opined that Almeida suffered
from chronic cervical radiculitis, a permanent condition. Zimmerman
further testified that the arthritis in Almeida's neck had worsened due
to her injury, and would continue to "accelerate" in the future.

 At this point in the questioning, a juror requested a break, and the
judge ordered a brief recess. During the recess, Wal-Mart's counsel
made the following statement:

 In regard to my objection to his [sic] testimony. The
testimony about today's visit Mr. Nunez had represented
that we had not asked for records and in our request for
production number two it says please attach to this
instrument true and correct copies of all medical records,
reports and medical bills in your possession . . .either actual
or constructive arising out of the alleged injury subject to
this lawsuit, and in connection with this request please
execute the attached medical authorization and in
interrogatory number 24 we ask if you claim any physical
impairment as a result of this lawsuit, specifically identify the
nature and degree of such impairment along with a specific
medical opinion that supports your claim. And her answer
was, I am, of course, much better now than I was
immediately following the accident and my neck, jaw and
knees bother [me] on occasion. On the basis of that Your
Honor, failure to supplement those requests I'm asking that
the testimony in regard to today's visit be stricken that's [sic]
that the jury be instructed to disregard that testimony.


After a brief discussion, the trial court ordered the exclusion of the x-rays taken on the day of trial, but did not further rule on counsel's
request to strike Zimmerman's testimony and to instruct the jury to
disregard Zimmerman's testimony. After testimony resumed, counsel
for Wal-Mart cross-examined Zimmerman about her opinions arising
from that day's examination.

 An objection to improper testimony must be timely made, the
specific grounds therefore stated, and the trial court's ruling obtained. 
Beall v. Ditmore, 867 S.W.2d 791, 794 (Tex.App.--El Paso 1993, writ
denied); see Tex. R. App. P. 33.1(a)(1); Bushell v. Dean, 803 S.W.2d 711,
712 (Tex. 1991)(objection waived when prematurely made); Top Value
Ent. v. Carlson Mktg. Group, 703 S.W.2d 806, 811 (Tex.App.--El Paso
1986, writ ref'd n.r.e.)(objection waived when not made until
subsequent recess and further waived by counsel's cross-examination). 

 Under the foregoing circumstances, we agree with appellee that
this issue has not been preserved for appeal. Wal-Mart's counsel did
not object until Almeida's attorney had asked Zimmerman several
questions about the examination. Counsel objected immediately
following testimony pertaining to Almeida's condition in 1995 rather
than after testimony pertaining to the examination. The record fails to
include the trial court's ruling on Wal-Mart's objection. The grounds for
Wal-Mart's objection do not appear in the record until after additional
testimony about the examination. Further, Wal-Mart's counsel cross-examined Zimmerman about the results of the examination. We
overrule Wal-Mart's first issue.

Legal and Factual Sufficiency of Damages


 In its second issue, Wal-Mart argues that the damages awarded
by the jury are not supported by legally or factually sufficient evidence
and are "grossly" excessive. Almeida responds that Wal-Mart waived
this issue by failing to address all of the elements of damage in its
argument, and further, that the evidence was legally and factually
sufficient to support the jury's verdict.

 In response to a broad form question, the jury awarded Almeida
$6,777.00 for physical pain and mental anguish, physical impairment,
and medical care occurring in the past, and $40,000.00 for physical
pain and mental anguish, physical impairment, and medical care that
would occur in the future. On appeal, Wal-Mart attacks the sufficiency
of the evidence with regard to Almeida's physical pain and medical
care, but does not address Almeida's physical impairment. 

 When a damage issue is submitted in broad form, ascertaining the
amount the jury awarded for each element of damages is difficult, if not
impossible. See Brookshire Bros., Inc. v. Lewis, 997 S.W.2d 908, 921-22 (Tex. App.--Beaumont 1999, pet. denied). An appellant who seeks
to challenge a multi-element damage award on appeal must address
each element and show the evidence is insufficient to support the entire
award. See id. at 922; Price v. Short, 931 S.W.2d 677, 688
(Tex.App.­Dallas 1996, no writ); Greater Houston Transp. Co. v.
Zrubeck, 850 S.W.2d 579, 589 (Tex. App.­Corpus Christi 1993, writ
denied). The failure to address an element of damages results in waiver
of the sufficiency challenge. Brookshire Bros., Inc., 997 S.W.2d at 922;
Greater Houston Transp. Co., 850 S.W.2d at 579. 

 Wal-Mart's argument requires this Court to speculate about the
components of the jury's award. It is improper for a reviewing court to
engage in conjecture about the composition of a damage award. 
Duggan v. Marshall, 7 S.W.3d 888, 894 (Tex. App.­Houston [1st Dist.]
1999, no pet.); Transit Management Co. of Laredo v. Sanchez, 886
S.W.2d 823, 826 (Tex. App.--San Antonio 1994, no writ); see
Hernandez v. American Appliance Mfg. Corp., 827 S.W.2d 383, 389
(Tex. App.--Corpus Christi 1992, writ denied). We therefore cannot
analyze Wal-Mart's challenge regarding Almeida's damages because
this would entail speculation about how the jury divided its award
among the various elements. See Thomas v. Oldham, 895 S.W.2d 352,
359-60 (Tex. 1995). 

 However, even if Wal-Mart had not waived the issue, its challenge
to the sufficiency of the evidence of the damages would lack merit.
Almeida incurred $1,254 in past medical expenses, plus additional
expenses for pain medication. Almeida testified that her injuries
caused her to feel frustrated and depressed, and that she could no
longer perform many of the routine tasks that she had previously
performed. Almeida and Zimmerman presented uncontradicted
evidence at trial that Almeida suffered a permanent injury causing
ongoing pain and physical impairment. Zimmerman testified that
Almeida's condition was not going to improve, but was apt to worsen
over time, and that Almeida would require future treatment and
medication. Therefore, if Wal-Mart had preserved its right to challenge
the sufficiency of the evidence, we would hold that the jury's damages
award was supported by sufficient evidence. We overrule Wal-Mart's
second issue.

 Having overruled each of Wal-Mart's issues, we affirm the
judgment of the trial court.

 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 14th day of December, 2000.