

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00895-CV

Luis D. **ZERTUCHE**,
Appellant

v.

**BEXAR COUNTY, TEXAS**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-19489
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:         Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  July 22, 2009

AFFIRMED

     Luis D. Zertuche appeals a summary judgment that affirms an order of the Bexar County

Civil Service Commission upholding Zertuche's termination from employment. Although Zertuche

presents three separate issues in his brief, his complaint is that the trial court erred in affirming the

Commission's order because: (1) the adverse action against him was forfeited by Gabriel Perez's

failure to attend the Commission's hearing; and (2) the Notice of Adverse Action was served on him two days after the fifteen day deadline. We affirm the trial court's order.[1]

## STANDARD OF REVIEW

Courts review traditional motions for summary judgment de novo. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). When reviewing an order granting a traditional motion for summary judgment, courts take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

## FAILURE TO ATTEND COMMISSION HEARING

Zertuche first asserts that the trial court erred in affirming the Commission's order because the Elected Official/Department Head, Gabriel Perez, failed to attend the hearing. Zertuche relies on rule 11.26 of the Bexar County Civil Service Commission Rules ("Rules") which provides:

> 11.26 The Commission, through its Director, shall notify the Elected Official/Department Head of the hearing date, time, and place. If the Elected Official/Department Head does not attend the hearing or does not notify the

---

[1] Because the only issues raised in Zertuche's motion for summary judgment were two procedural reasons for reversing the Commission's decision and no competing motion for summary judgment was filed by the Commission, we note that the trial court's order grants more relief than was requested which would typically result in a partial reversal of the trial court's order. *See Bandera Elec. Co-Op, Inc. v. Gilchrist*, 946 S.W.2d 336, 336 (Tex. 1997). However, to preserve error with regard to the granting of excess relief, Zertuche was required to bring forward a point of error complaining of the error or, at the very least, argue in his brief that excess relief was improperly granted. *Tonnen v. United States Auto. Ass'n*, 935 S.W.2d 937, 942 (Tex. App.—San Antonio 1996, no writ); *see also Beathard Joint Venture v. West Houston Airport Corp.*, 72 S.W.3d 426, 436 (Tex. App.—Texarkana 2002, no pet.); *Yiamouyiannis v. Thompson*, 764 S.W.2d 338, 342 (Tex. App.—San Antonio 1988, writ denied). Because Zertuche did not raise this complaint in his brief, it is waived.

Commission ahead of time of the Elected Official's/Department Head's inability to attend, the failure to attend will be considered the Elected Official's/Department Head's forfeiture of the Adverse Action. The Commission will convene and enter an order stating the Elected Official's/Department Head's failure to attend and that the Commission has deemed that the Elected Official/Department Head has forfeited the Adverse Action and that all the facts alleged in the Adverse Action Notice are untrue.

As further support for his position, Zertuche relies on this court's prior decision in *Bexar County Civil Service Comm'n v. Casals*, 63 S.W.3d 57, 60-62 (Tex. App.—San Antonio 2001, no pet.), in which this court held that a petitioner's substantial rights were prejudiced when the Commission exceeded its authority by refusing to enter an order stating that the Elected Official/Department Head forfeited the adverse action by failing to appear at the hearing as required by rule 11.26. The County contends that *Casals* is distinguishable from the instant case because Casals's attorney objected to going forward with the hearing when the Elected Official/Department Head did not appear or give notice of his inability to appear after he was listed as one of the witnesses, thereby depriving Casals of his right to cross-examine him. *Id*. at 58-59. In this case, the County contends that Zertuche waived his right to have the adverse action forfeited because he did not object until "all of the witnesses were examined and all of the parties had rested, and after the Department had completed its closing argument, more than six hours later."

The record reflects that Zertuche's attorney waited until his closing argument to object to Perez's absence. In the record the following exchange occurred after a six-hour hearing, after both sides had rested and closed, and after the Department completed its closing argument:

> MR. SIFUENTES [Zertuche's attorney]: One of the problems in this case is that the Civil Service Commission Rule 11.26 says the Commission through its director shall notify the elected official of the hearing date, time and place. If the elected official head [sic] or department head does not attend the hearing, the failure to attend will be considered the elected official's department head [sic] forfeiture of the adverse action.

In this case on November 1st Andrea San Miguel sent a letter to Gabriel Perez, which we would ask the Commission to take notice of. And in that letter on November 1st, they – it's addressed to Mr. Gabriel Perez and copies were sent to the Bexar County Civil Service Commissioners, to my client, to Ms. Gregory [the attorney representing the Department], and to myself stating repeating [sic] Rule 11.26. And in this case we have had no appearance by Mr. Gabriel Perez. So under the plain meaning of 11.26, the department head has failed to appear. It doesn't say that he can send his substitute or a designee. And because the department head has failed to appear, we would ask that the disciplinary action be dismissed.

And we also would ask that the disciplinary action be dismissed because the Department has failed to follow the guidelines and they have – they were two days late in filing the Notice of Adverse Action.

MS. GREGORY: Okay. At this point I'm going to object. This is closing argument. If he's raising a new objection, I have Mr. Perez on the phone and Mr. Perez can be down here within a due amount of time. Mr. Sifuentes never asked for him, never raised this objection during the course of the hearing and now he's going to go forward and make an objection during closing arguments after all the evidence? This is a cheap shot.

And if he wants Mr. Perez here, if he wanted Mr. Perez to testify, Mr. Perez has been available all afternoon. He's in meetings. He didn't have any personal knowledge of the facts. I wasn't going to call him to testify. He has had the ability to call him all day long to testify. And to take a cheap shot at 7:45 at night during his closing arguments, I'm going to ask for a recess and I will ask for Mr. Perez to be here personally. We'll reconvene at any time the Commission wants to convene. And then we'll see if he's got any questions for Mr. Perez.

If this hearing isn't completed, I can have Mr. Perez here. He's at home. There was no need for him to come down and testify. Nobody has asked from him to testify. If he wants to read the rule and interpret it like that – and if you look two rules later, it says elected official department head or its representative. I'm here representing the Department. Mrs. Thompson is here representing the Department.

COMMISSIONER GREENE: All right, Ms. Gregory. Please. In light of what she has just said, and I think Mr. Rodriguez will agree with me – we are going to ignore this matter of Mr. Perez. It was not brought up in the course of events today. I agree it is a cheap shot to bring it up here in the closing.

In order to preserve a complaint for appellate review, the complaint must be made to the trial court by a timely, request, objection or motion. TEX. R. APP. P. 33.1(a). Several sound reasons underlie this rule. *Beall v. Ditmore*, 867 S.W.2d 791, 793-94 (Tex. App.—El Paso 1993, writ denied). "First, fairness to all parties requires a litigant to advance his complaints at a time when

there is an opportunity to respond or cure them." *Id*. at 794. "Second, reversing a case for error not raised in a timely fashion permits the losing party to second guess its tactical decisions after they do not produce the desired result." *Id*. "Finally, judicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal." *Id*. A party cannot be permitted to lead a trial court into error and then complain about it later on appeal. *Union City Body Co. v. Ramirez*, 911 S.W.2d 196, 202 (Tex. App.—San Antonio 1995, orig. proceeding).

Although the text of rule 33.1(a) is directed at preservation at the trial court level, the reasons for the rule apply equally in the context of the Commission's hearing. The same concept of fairness to all parties would require Zertuche to advance his complaints at a time when the Department could respond to or cure the problem. In addition, the same concern with discouraging dilatory tactics exists. Finally, requiring Zertuche to timely raise his concern spares the waste of Commission and judicial resources. Accordingly, we hold that Zertuche was required to make a timely request, objection, or motion before the Commission in order to preserve his complaint for appeal. *Cf. City of El Paso v. Public Utility Comm'n of Tex.*, 916 S.W.2d 515, 526 (Tex. App.—Austin 1995, writ dism'd by agr.) (noting party waived objections when not timely made during hearing before Public Utility Commission).

The term "timeliness" defies definition and generally the question of what is timely or otherwise must be left to the sound discretion of the trial judge or, in this case, the Commission. *See Beall*, 867 S.W.2d at 795; *Union City Body Co.*, 911 S.W.2d at 201. For Zertuche's attorney to sit through a six-hour hearing and the Department's closing argument before raising his objection, however, "is sufficiently dilatory for us to conclude that [Perez's failure to appear] was waived."

*Union City Body Co.*, 911 S.W.2d at 202. Zertuche did not even suggest that he intended to question Perez as was the case in *Casals*. *See Casals*, 63 S.W.3d at 58-59 (noting Casals listed elected official/department head Constable Jerry Connell as a witness, Casals objected to Connell's absence at the beginning of the hearing, and Casals complained of his inability to cross-examine Connell). Accordingly, the trial court properly denied Zertuche's request for summary judgment on this ground.

## NOTICE OF ADVERSE ACTION

The Department sent Zertuche a Notice of Proposed Action dated November 8, 2002. On November 19, 2002, Zertuche sent a written reply, stating that the Notice of Proposed Action was given to him on November 12, 2002. In his written reply, Zertuche stated, "I am also requesting a meeting to further discuss my proposed termination." The requested meeting was held on November 26, 2002, and the Notice of Adverse Action was served on Zertuche on December 18, 2002, which was fourteen business days after the meeting and seventeen business days after the date of Zertuche's written reply.

In his second complaint, Zertuche asserts that the Notice of Adverse Action was served two days after the deadline for serving the notice. Zertuche relies on rule 11.12 which provides:

> The Elected Official/Department Head has fifteen (15) business days from receipt of the employee's response to send the Notice of Adverse Action. The parties may agree to extend the fifteen (15) business day deadline.

The County responds that the request for the meeting was a tacit agreement to extend the fifteen day deadline, and the Commission acted appropriately in encouraging the Department to permit such meetings. The County further asserts that Zertuche did not show that he was harmed by the timing of the notice and the Rules contain no "sudden death" rule if the notice is served two days late.

In an appeal of the Commission's decision under the substantial evidence rule, the trial court may not substitute its judgment for the Commission's judgment "on the weight of the evidence on questions committed to the commission's discretion." TEX. LOCAL GOV'T CODE ANN. § 158.021 (Vernon 2008). The trial court may reverse the case only if, in pertinent part, substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decisions are: . . . (B) made through unlawful procedure; . . . [or] (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." *Id*.

In its decision, the Commission found "that the matter of deadlines of correspondence between Bexar County and the Plaintiffs, while administratively inefficient, was not prejudicial to their cases."[2] This finding is reasonably supported by substantial evidence as Zertuche presented no evidence that he was prejudiced by the notice, even if it was determined to be two days late. The only deadline affected by the date the Notice of Adverse Action is received is the deadline to appeal the adverse action to the Commission. The record in this case establishes that Zertuche timely filed that appeal; therefore, he was not prejudiced by the allegedly late notice.

Moreover, rule 11.06 of the Rules states:

> 11.06 Pursuant to the United States Supreme Court decision in **Cleveland Board of Education v. Loudermill**, 470 U.S. 532, 105 S. Ct. 1487 (1985), the Commission and the County have adopted a policy which requires an Elected Official/Department Head to give written notice to the employee of a proposed disciplinary action, the employee to respond in writing or orally, and the Elected Official/Department Head to review and inspect any and all evidence which supports the employee's position **before** the proposed disciplinary action takes place.

Given that Zertuche requested a meeting to orally supplement his response and further given that Perez was required to consider any and all evidence Zertuche wanted to provide before the proposed

---

[2] The Commission held a joint hearing on the appeal of Zertuche and another employee because both adverse actions arose from the same circumstances.

disciplinary action could take place, the trial court could have rejected Zertuche's reliance on the fifteen day deadline by concluding that the request for the meeting was either an agreement to extend the deadline or a waiver of the deadline.

Finally, "a trial court is not required to reverse the Commission's decision for an unlawful procedure that occurred at the agency level; rather an unlawful procedure by the Commission itself provides the basis for a reversal." *Parks v. Harris County Civil Service Commission*, 225 S.W.3d 246, 258 (Tex. App.—El Paso 2006, no pet.). In this case, any procedural problem with regard to notice occurred at the agency level. Accordingly, the trial court was not required to reverse the Commission's decision on this basis. *See id*.

## CONCLUSION

The trial court's order is affirmed.

Marialyn Barnard, Justice