Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00552-CV

Marilee **GARCIA**,
Appellant

v.

**BEXAR COUNTY**, Texas,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-12867
Honorable Peter A. Sakai, Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  May 9, 2012

AFFIRMED

Appellant, Marilee Garcia, appeals the judgment of the trial court affirming an order of the Bexar County Civil Service Commission ("Commission"). The Commission's order upheld Garcia's termination from employment with the Bexar County Sheriff's Office ("Sheriff's Office"). We affirm.

**BACKGROUND**

Garcia was dismissed from her position as a detention lieutenant at the Sheriff's Office for numerous violations of the Bexar County Sheriff's Civil Service Commission Rules and Regulations ("Rules") and the Bexar County Sheriff's Office Manual of Policy and Procedure ("Policies"). These violations alleged abuse of office and misuse of Bexar County ("County") personnel and equipment, used for her personal benefit, while Garcia worked an additional job for a private security company. Garcia appealed her termination to the Commission. On July 15, 2008, the Commission held a hearing in which the Sheriff's Office presented evidence establishing that from 2001 through 2004, Garcia violated numerous Rules and Policies while conducting her personal business during working hours and misused the County's equipment and personnel resources. Following the hearing, the Commission upheld Garcia's termination for violations of various provisions of the Rules and Policies.

Garcia then sued the County in district court to set aside the Commission's order and request reinstatement. Following the submission of trial briefs by both parties, the trial court held a hearing. After taking the case under advisement, the trial court granted final judgment for the County, upholding the Commission's decision.

**DISCUSSION**

In three issues on appeal, Garcia contends the disciplinary action against her was barred by the limitations in Bexar County Sheriff's Civil Service Rule 9.18. Rule 9.18 states:

> No disciplinary action for non-criminal activity shall be initiated against an employee for an act or conduct which occurred more than 90 days prior to the service of the "Notice of Proposed Disciplinary Action" or written reprimand upon the employee, unless shown in the investigation of non-criminal activity that is deemed to warrant disciplinary action, that non-criminal conduct was actively concealed.

First, Garcia asserts the County presented insufficient evidence at the Commission's hearing that her alleged misconduct occurred within the ninety days prior to her being served the County's Notice of Proposed Disciplinary Action.   Second, Garcia argues that, absent the admission of impermissible hearsay, there was insufficient evidence to demonstrate the County met the ninety day limitations in Rule 9.18.   Third, Garcia complains that, absent an eyewitness account of misconduct occurring within ninety days, there was insufficient evidence to demonstrate the limitations in Rule 9.18 were met.   The County, however, counters that Garcia waived her right to complain about Rule 9.18 on appeal because she failed to preserve her complaints at the Commission hearing.   We agree with the County.

In order to preserve a complaint for appellate review, the complaint must be made to the trial court by a timely request, objection, or motion.   TEX. R. APP. P. 33.1(a).   Many sound reasons underlie this rule. *Zertuche v. Bexar Cnty.*, No. 04-08-00895-CV, 2009 WL 2183631, at *3 (Tex. App.—San Antonio July 22, 2009, pet. denied) (citing *Beall v. Ditmore*, 867 S.W.2d 791, 793–94 (Tex. App.—El Paso 1993, writ denied)).   "First, fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond or cure them."   *Beall*, 867 S.W.2d at 794.   "Second, reversing a case for error not raised in a timely fashion permits the losing party to second guess its tactical decisions after they do not produce the desired result." *Id.*   "Finally, judicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal." *Id.*   Additionally, a party cannot lead a trial court into error and then later complain about it on appeal. *Zertuche*, 2009 WL 2183631, at *3 (citing *Union City Body Co., Inc. v. Ramirez*, 911 S.W.2d 196, 202 (Tex. App.—San Antonio 1995, orig. proceeding)).   "Although

the text of rule 33.1(a) is directed at preservation at the trial court level, the reasons for the rule apply equally in the context of the Commission's hearing." *Id.*

Here, there is nothing in the record of the hearing before the Commission to indicate Garcia lodged an objection based on Rule 9.18. The hearing lasted at least nine hours and Garcia was present and represented by counsel. Garcia's counsel actively participated in the hearing by presenting witnesses and evidence on Garcia's behalf, cross-examining opposing witnesses and making several evidentiary and procedural objections. However, the record does not indicate Garcia's counsel made a Rule 9.18 challenge "by a timely request, objection, or motion." *See* TEX. R. APP. P. 33.1(a). Instead, the first time Garcia's counsel complained about the Rule 9.18 limitations was three years after the Commission's hearing in Garcia's trial brief to the district court. As a result, "[b]ecause the Commission did not have the chance to address the issue, neither the district court nor this court can do so." *Simpson v. Indus. Indem. Co. (Fremont)*, No. 11-00-00047-CV, 2000 WL 34233679, at *2 (Tex. App.—Eastland Nov. 2, 2000, no pet.).

The concept of fairness to all parties requires Garcia to advance her complaints at a time when the County could respond to or cure the problem. *Zertuche*, 2009 WL 2183631, at *3. We do not find in the record, and Garcia does not cite in her appellate brief, where she preserved her complaint at the Commission's hearing. Accordingly, she has not preserved her complaints for appellate review.

## CONCLUSION

We overrule Garcia's issues on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice