

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00016-CV

_____

MACK GWEN JONES, Appellant

V.

ILIANA GONZALEZ QUIROGA, Appellee

On Appeal from the County Court
Titus County, Texas
Trial Court No. C01990

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

As the result of an automobile accident between Iliana Gonzalez Quiroga and Mack Gwen Jones in Mount Pleasant, Quiroga sued and has obtained a judgment against Jones for $7,800.00. Of that sum, $7,405.50 was for expenses incurred with three medical providers, and $394.50 was for lost wages and tips.

This case comes to us with a unique situation. This relatively small case was tried in a bench trial that focused on just two issues: which of the two drivers was at fault and the amounts of the resulting damages. It is also apparent that Quiroga relied on the business-records affidavit attached to each of the three sets of medical bills to provide evidence that the related medical expenses were necessary, were reasonable, and were provided either immediately after, or soon after, the accident, thus providing some evidence of causation. Beyond those affidavits, nothing in the record provides evidence of the necessity, reasonableness, or causation of the expenses. This appeal is presented to us on the sole claim that Quiroga's three medical-expense exhibits were improperly admitted into evidence as business records and that, therefore, $7,405.50 of the judgment is improper. We modify the judgment by deleting $7,405.50 of the damage award and affirm the remainder of the judgment as so modified, because (1) Jones preserved error regarding the admission of the three exhibits, (2) admitting the three medical-expense exhibits was error, and (3) harm resulted from admitting the three exhibits.

*(1)    Jones Preserved Error Regarding the Admission of the Three Exhibits*

Quiroga claims that Jones failed to preserve this issue for our review. Rule 33.1 of the Texas Rules of Appellate Procedure states,

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

    (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and. . . .

(2) the trial court:

    (A) ruled on the request, objection, or motion, either expressly or implicitly; or

    (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1. Thus, an objection must be specific enough to allow the trial court to understand the exact nature of the alleged error, and it must be interposed at such a point in the proceedings to allow the trial court to cure the alleged error, if any. *Beall v. Ditmore*, 867 S.W.2d 791, 795 (Tex. App.—El Paso 1993, writ denied). Further, the objection at trial must comport with the argument made on appeal. *Phippen v. Deere & Co.*, 965 S.W.2d 713, 716 (Tex. App.—Texarkana 1998, no writ).

Quiroga contends that Jones objected only to her statement that Jones had no insurance and failed to object to Quiroga's alleged failure to give notice to Jones by providing the documents and affidavits to him before trial. In other words, Quiroga maintains that Jones' objection at trial does not reflect the substance of the issue he now presents for our review on appeal. In support of her position, Quiroga points to the following trial testimony wherein she was testifying specifically in relation to the medical bills from Camp County Chiropractic (CCC):

    [Counsel for Quiroga]: I move that Number 4 be admitted.

    [Counsel for Jones]: Objection. She doesn't necessarily know that he did not have insurance. I'll object to that.

    [Counsel for Quiroga]: Doesn't have anything to do with this bill.

3

[Counsel for Jones]:   I still object to that.

[THE COURT]:   I'll sustain that portion as far as that particular aspect of testimony.  I'm going to allow this evidence into the record.

In emphasizing this particular segment of the transcript, Quiroga overlooks several other objections made by Jones during trial, which objections specifically addressed the admission of the billing records and accompanying affidavits from the three medical providers and the lack of notice given to him in regard to that particular evidence.  For instance, following a discussion between the parties and the trial court relating to the admission of the records, Jones stated, "I will object to this in particular but -- it's just a photocopy.  I would object to all three.  I haven't seen any of the three before.  I also object to this one as a photocopy, one for 4600 some odd dollars."[1]  Shortly afterwards, the trial court denied Jones' objection to the evidence and admitted the medical bills and accompanying affidavits from all three of the providers.

Therefore, Jones specifically objected at trial to the admission of the complained-of evidence due to Quiroga's failure to provide him with the billing records and accompanying affidavits before trial.  On appeal, Jones contends that Quiroga failed to comply with the notice requirements found in Section 18.001 of the Texas Civil Practice and Remedies Code.  Despite his failure to recite a specific rule on which his objection was made, Jones was nonetheless specific enough to allow the trial court to understand the exact nature of the alleged error.  In addition,

---

[1]Another time during the midst of the discussion between the trial court and the parties, Jones stated, "I don't think I've ever seen it."  To which Quiroga responded, "We should have sent those to you and we filed them with the Court. Again, Jones attempted to state, "I never accepted --," to which the trial court intervened, "I don't remember that document."

4

Jones' objection was interposed at a point during the proceedings that allowed the trial court to rule on the substance of the error, which it did. Jones' objection at trial was aligned with the very purpose of Section 18.001's notice requirement.[2] He therefore has preserved this issue on appeal.

*(2)      Admitting the Three Medical-Expense Exhibits Was Error*

According to Quiroga, as a result of the accident, she received medical assistance from and incurred medical bills with Titus Regional Medical Center (TRMC) totaling $2,453.50, Red River Valley Radiology (RRVR) totaling $341.00, and CCC totaling $4,611.00. At trial, Quiroga initially offered into evidence the TRMC billing records, along with the accompanying affidavit in support of the records. After a good deal of confusion,[3] the trial court attempted to consider the billing records and corresponding affidavits one at a time:

---

[2] "Section 18.001(e) requires that a party intending to controvert a claim reflected by an affidavit concerning cost and necessity of services *must* file a counter affidavit with the clerk of the court and serve a copy on the other party not later than ten days after the date the party received a copy of the initial affidavit." *Hilland v. Arnold*, 856 S.W.2d 240, 241 (Tex. App.—Texarkana 1993, no pet.). In *Hilland*, we held that subsection (e) requires the opposing party to file a counter affidavit as a prerequisite to contesting matters set forth in the affidavit. *Id*. at 241–42. In the event an opposing party fails to file a counter affidavit, the uncontroverted affidavit submitted pursuant to Section 18.001 has established the amount of damages as a matter of law. *Id*. at 242.

In this case, the record shows that Quiroga failed to provide Jones with the affidavits in support of the medical providers' billing records. By doing so, she failed to give Jones an opportunity to file controverting counter affidavits or to object on any other number of conceivable errors that might have been contained in them.

[3] The record shows the following conversation took place between the trial court and the parties:

Q.      (By [Counsel for Quiroga]): All right. I'm going to show you what's been -- Your Honor, she testified that she was treated at Titus Reginal Medical Center. I have -- should be a part of the file, an affidavit of cost by Titus Regional Medical Center. I've labeled that as Exhibit 3. I asked to be introduced [sic]. It shows that the bill that's incurred is 2,400 and some off [sic] dollars. These have already been filed without any objections.

THE COURT:  All right. You want to look at these again?

[Counsel for Jones]:   What are they?

[Counsel for Quiroga]:  Those are the affidavits that have been authenticated by Titus Regional that are on file in this case.

5

[Counsel for Quiroga]: Here. I've got two more, Judge. Exhibits 4 and 5 are bills from Camp County Chiropractic and also from Red River Valley Radiology. These are also the same thing. These are properly authenticated. Whether or not they've been filed or not, they're properly authenticated, they're business records and they're proof of the --

[THE COURT]: That looks like an original. This looks like a copy and this looks like a --

[Counsel for Quiroga]: You really can't tell because it's black ink, Judge.

[Counsel for Jones]: When were they filed?

[Counsel for Quiroga]: They're in the file.

. . . .

THE COURT: I'm not sure I've seen this. Let me see if I can find this in the file.

[Counsel for Jones]: I don't think I've ever seen it.

[Counsel for Quiroga]: We should have sent those to you and we filed them with the Court.

[THE COURT]: They may have been here[,] but I've been through this a few times and I don't recall that but let me be sure. Would that have been subsequent to the last time this went to trial?

. . . .

[Counsel for Jones]: I never accepted --

[THE COURT]: I don't remember that document.

[Counsel for Quiroga]: Well, it's labeled as Exhibit 3. It is properly authenticated as a business record from Titus Regional Medical Center showing that the bill was two thousand -- incurred bill is two thousand four hundred and some odd dollars.

. . . .

[THE COURT]: Who would you have instructed to file this with? To the best of your knowledge, this hasn't been filed.

[Counsel for Quiroga]: I would imagine my legal assistant, once she received them, would have then sent them to the county clerk to be filed.

[THE COURT]: Well for whatever reason --

6

[Counsel for Jones]:   Yeah, but this you can sort of tell.

[Counsel for Quiroga]:   In any event, they're properly authenticated, either the original or copies of business records of the bills that she's incurred.

[THE COURT]:   I'm going to deal with this one at a time.  As far as this first one from TRMC, I'm going to allow this into the record as Exhibit 3.  You want me to look at all three of these before we --

(Plaintiff's Exhibit Number 3 admitted)

[Counsel for Quiroga]:   Yes, sir.  Same thing with 4 and 5.  These are the two other bills that she's incurred.

[Counsel for Jones]:   I will object to this in particular but -- it's just a photocopy.  I would object to all three.  I haven't seen any of the three before.  I also object to this one as a photocopy, one for 4600 some odd dollars.

[THE COURT]:   Basis for your objection?

[Counsel for Jones]:   Photocopy and because [it has not] been produced before this.

The trial court continued by asking a series of questions relating to the billing records, and then stated, "I'm going to allow this evidence into the record."  At the conclusion of trial, the trial court ruled in favor of Quiroga.  The amount of the damages awarded to Quiroga, $7,800.00, was the total of the three medical bills and $394.50 for wages and tips.[4]

---

[4]The trial court stated, "So I'm not awarding anything for the value of the car." "I am including the value of the Titus Regional bill, Dr. Willian's bill [from Camp County Chiropractic], the radiology bill [from Red River Valley Radiology] and loss of wages and tips for one week."

Jones contends that the trial court erred by admitting the records of Quiroga's medical bills and their accompanying affidavits because she failed to comply with the notice requirements of Texas Civil Practice and Remedies Code Section 18.001.[5] We agree.

A trial court's ruling in admitting or excluding evidence is reviewed for an abuse of discretion. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000). An appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court's erroneous legal conclusion, even in an unsettled area of the law, is an abuse of discretion. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001).

A party to a civil action other than a suit on sworn account, if he or she intends to rely on a business-records affidavit to prove up services rendered to the injured party as part of the damages claimed in the lawsuit, must file the affidavit with the clerk of the court and "serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case." TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d) (West 2014). Thus, as long as the requirements of Section 18.001 are met and the opponent of the records does not file a controverting affidavit, a party may dispense with the inconvenience and expense of obtaining an expert to testify as to the necessity and reasonableness of the expenses. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2014).

---

[5]Jones also maintains that Quiroga failed to satisfy the notice requirements set out in Rule 902(10)(A) of the Texas Rules of Evidence. *See* TEX. R. EVID. 902(10)(A). Because we find the trial court erred when it admitted the affidavits attached to the billing records in contravention of Section 18.001 of the Texas Civil Practice and Remedies Code, we find it unnecessary to address Jones' remaining arguments.

Numerous times during trial, Quiroga stated emphatically that the three exhibits had been "properly authenticated." Additionally, she asserted repeatedly that the "original is out there somewhere, obviously somewhere in the file."[6] Whether the affidavits and billing records were filed, however, is of little, if any, importance in regard to the notice issue before the Court. In this connection, we are required to determine only if or when Quiroga provided Jones with a copy of the billing records and accompanying affidavits. As to that question, the record contains no evidence that Quiroga provided Jones with either the affidavits or the billing records at any time before the day of trial, much less thirty days before that date. We therefore find that the trial court erred when it admitted into evidence the affidavits in support of the medical providers' billing records due to Quiroga's failure to comply with the thirty-day notice requirement.

*(2)    Harm Resulted from Admitting the Three Exhibits*

Once an error has been established as to the admission of evidence, a party seeking to reverse a trial court's judgment based on evidentiary error is required to prove that the error probably resulted in the rendition of an improper judgment. *Prestige Ford Co. v. Gilmore*, 56 S.W.3d 73, 78 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). This usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *Id*. In order to determine whether excluded evidence probably resulted in the rendition of an improper judgment, an appellate court must review the entire record. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). The Texas Supreme Court has recognized the

---

[6]The record shows that the billing records and their accompanying affidavits were filed with the trial court on December 9, 2016, which also happens to be the day the trial commenced.

9

impossibility of establishing a specific test to determine harm from every error, and it has delegated that decision to the sound discretion of the appellate court. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). If erroneously admitted or excluded evidence involves a key issue, the error is likely to be harmful. *Id.* For harmful error to result, the trial court's error must amount to the denial of a party's rights that was calculated to cause, and probably did cause, the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1).

There are three needed elements in proving damages for past medical expenses: (1) the amount of the charges for the medical expenses; (2) the reasonableness of the charges; and (3) the necessity of the charges. *Owens v. Perez*, 158 S.W.3d 96, 110 (Tex. App.—Corpus Christi 2005, no pet.). The amount of damages to which a plaintiff is entitled is, in general, a fact question. *Haygood v. De Escabedo*, 356 S.W.3d 390, 404 (Tex. 2011). A plaintiff's claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary. *Texarkana Mem'l. Hosp.*, *Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex. 1997). A plaintiff may prove that medical expenses were reasonable and necessary either by (1) presenting expert testimony or (2) through the submission of affidavits that are compliant with Section 18.001 of the Texas Civil Practice and Remedies Code. *Hilland v. Arnold*, 856 S.W.2d 240, 241 (Tex. App.—Texarkana 1993, no pet.).

In this case, no experts testified. Therefore, Quiroga's proof of her medical expenses rested entirely on the affidavits verifying the three medical bills involved. It was those billing records and the accompanying affidavits attesting to their necessity and reasonableness that provided the trial court with evidence of the medical damages. Quiroga's claimed reasonable and necessary

10

medical expenses amounted to $7,405.50. The total amount of the trial court's judgment against Jones totaled $7,800.00. But, without a properly admitted Plaintiff's Exhibit 3, there was no evidence of the amount, or the necessity or reasonableness, of the purported $2,453.50 in medical bills incurred with TRMC. Without a properly admitted Plaintiff's Exhibit 4, there was no evidence of the necessity or reasonableness of the purported $4,611.00 in medical bills incurred with CCC. And, without a properly admitted Plaintiff's Exhibit 5, there was no evidence of the amount, or the necessity or reasonableness, of the purported $341.00 in medical bills incurred with RRVR.

Because she presented no expert testimony on the issues of reasonableness or necessity and did not comply with Section 18.001's notice requirement, Quiroga could not recover these medical expenses. We therefore find that the trial court's error in admitting the affidavits in support of the medical providers' billing records "was calculated to cause, and probably did cause, the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1). The admission of the three medical-expense exhibits was harmful.

When there is legally insufficient evidence on one or more elements of proof needed to establish a claim, we are to render a take nothing judgment on such a claim. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 141 n.23 (Tex. 2012); *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221 (Tex. 2011).

For the above reasons, we modify the judgment by deleting $7,405.50 of the damage award and affirm the remainder of the trial court's judgment in the amount of $394.50, together with the costs awarded in, and the post-judgment interest at the rate and for the times defined in, the original judgment.

Josh R. Morriss
Chief Justice

Date Submitted:     June 26, 2017
Date Decided:       August 3, 2017